FILED
COURT OF APPEALS
DIVISION II

2013 JUL 30 AM 10: 34

STATE OF WASHINGTON

BY_____
                    DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| CITY OF OLYMPIA, a municipal corporation, | No. 43246-3-II |
| Respondent, | |
| v. | |
| WILLIAM RILEY MORRISON, | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, A.C.J. — William Riley Morrison appeals the Olympia Municipal Court's denial of his motion to vacate his 2006 first degree negligent driving conviction, arguing that the court abused its discretion when it refused to consider his motion. Because the trial court properly exercised its discretion in denying Morrison's motion to vacate, we affirm.

## FACTS

On October 10, 2006, the Olympia Municipal Court convicted Morrison of first degree negligent driving. In July 2011, Morrison moved to vacate his conviction under RCW 9.96.060, which provides that "the court may in its discretion vacate the record of conviction" three years after the completion of the sentence terms. RCW 9.96.060(1) & (2)(f).[1] The city of Olympia took no position on the motion. The municipal court denied the motion on September 16, 2011, on the ground that it "will not consider vacating a conviction for negligent driving in the first

_____
[1] Effective August 1, 2012, the legislature amended RCW 9.96.060 to provide that in addition to the other restrictions on getting offenses vacated, a person also cannot get a conviction vacated if the offense is considered a "prior offense" under RCW 46.61.5055 and the applicant has had a subsequent alcohol or drug violation within 10 years of the date of arrest for the prior offense. RCW 9.96.060(2)(c) (LAWS OF 2012, ch. 183 § 5).

degree until that crime is no longer a prior offense for the crime of vehicular homicide, which is a ten year statute of limitations by law." Clerk's Papers (CP) at 12-13.

Morrison appealed to the superior court, arguing that the municipal court abused its discretion in denying his motion to vacate by applying the vehicular homicide statute of limitations when there was no factual or legal basis to support that Morrison would ever be convicted of vehicular homicide. The superior court concluded that the denial was not an abuse of discretion and that the reasons given by the municipal court "are not arbitrary and provide tenable reasons for the decision." CP at 41.

Morrison filed a motion for discretionary review pursuant to RAP 2.3(d). A commissioner of our court granted review because Morrison raises an issue of public interest. RAP 2.3(d)(3). A commissioner initially considered this as a motion on the merits under RAP 18.14 and then referred it to a panel of judges for a no oral argument hearing.

## ANALYSIS

Morrison argues that RCW 9.96.060(2)(f) permits him to move to vacate his driving offense three years after he completed his sentence and that the municipal court abused its discretion in ruling that it would not consider a motion to vacate a first degree negligent driving conviction for ten years. We conclude that the trial court properly exercised its discretion.

### I. Standard of Review

RCW 9.96.060(1) grants a trial court the discretion to vacate the record of a misdemeanor driving conviction. We review the denial of a motion to vacate for abuse of discretion. A trial court abuses its discretion if it issues a manifestly unreasonable order or bases its decision on untenable grounds. *State v. Rafay*, 167 Wn.2d 644, 222 P.3d 86 (2010). A court's failure to exercise discretion is also an abuse of discretion. *See State v. Pettitt*, 93 Wn.2d 288, 296, 609

2

No. 43246-3-II

P.2d 1364 (1980); *Hook v. Lincoln County Noxious Weed Control Bd.*, 166 Wn. App. 145, 160, 269 P.3d 1056 (2012).

## II. Exercise of Discretion

RCW 9.96.060(2)(f) allowed Morrison to file a motion to vacate his misdemeanor conviction three years after he completed his sentence for negligent driving and RCW 9.96.060(1) allowed the trial court discretion to grant or deny the motion to vacate the record of conviction. Here, in denying the motion to vacate, the municipal court stated it "will not consider" a motion to vacate a negligent driving conviction until 10 years has passed and Morrison's negligent driving conviction is no longer considered a prior offense for vehicular homicide. CP at 7-8. Although inartfully stated, the trial court considered Morrison's motion to vacate and it exercised its discretion when it decided it would not vacate Morrison's first degree negligent driving conviction, so long as it was considered a prior offense for vehicular homicide. We cannot say that this was manifestly unreasonable, or an untenable reason upon which to deny the motion to vacate.

Morrison argues the trial court refused to consider Morrison's motion to vacate and that this refusal represents an abuse of discretion. *State v. Grayson*, 154 Wn.2d 333, 342, 111 P.3d 1183 (2005). In *Grayson*, a criminal defendant requested that the trial court exercise its discretion to sentence under the Drug Offender Sentencing Alternative (DOSA) scheme. 154 Wn.2d at 336-37. The trial court denied the request because the State lacked money to treat people entering a DOSA program. *Grayson*, 154 Wn.2d at 337. Our Supreme Court vacated the sentence and remanded, writing:

> A trial court abuses discretion when "it refuses categorically to impose an exceptional sentence below the standard range under any circumstances." The failure to consider an exceptional sentence is reversible error. Similarly, where a

3

defendant has requested a sentencing alternative authorized by statute, the *categorical refusal to consider* the sentence, or the refusal to consider it for a class of offenders, is effectively a failure to exercise discretion and is subject to reversal.

*Grayson*, 154 Wn.2d at 342 (emphasis added and citation omitted). "[W]hile the [Sentencing Reform Act] vests broad discretion in the hands of the trial judge, the trial judge must still exercise this discretion in conformity with the law." *Grayson*, 154 Wn.2d at 335. Under *Grayson*, Morrison argues the municipal court's decision to refrain for 10 years from using the discretion granted to it by the vacation statute to consider the timely-filed motion represents an abuse of discretion.

The city of Olympia responds that RCW 9.96.060 does not set out specific factors for the municipal court to consider and, therefore, the court's desire to maintain a record of conviction until the negligent driving conviction "would no longer be a prior offense for sentencing purposes of a Vehicular Homicide conviction" is a tenable reason for denying Morrison's motion. Br. of Resp't at 2. We agree with the State. Accordingly, we affirm the municipal court's denial of Morrison's motion to vacate.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Johanson, A.C.J.

We concur:

Quinn-Brintnall, J.

Bjorgen, J.

4